APONTE ET AL., PLAINTIFFS AND APPELLANTS, *v.* GARZOT ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Humacao in an Action of Ejectment.

No. 2021.—Decided June 17, 1920.

EJECTMENT—SIMULATED SALE—TAX SALE.—The heirs of a grantee in a simulated conveyance, without a consideration, of a property of which the grantor

continued in possession and which was thereafter sold at public auction for the payment of taxes, have no cause of action to recover the property from the purchaser at a tax sale on the ground of nullity of the tax sale for irregularities.

ID.—ID.—PRIVATE DOCUMENT—EVIDENCE.—In this case it was held that according to subdivisions 2 and 4 of section 35 of the Law of Evidence a private document in which the grantee of the property acknowledged on the day after the transfer that the same was simulated and without consideration, and that in the event that such statement might not be sufficient in law he reconveyed the property to its real owner, the grantor, was admissible in evidence.

ID.—NOTICE BY MAIL—RESIDENCE OF ATTORNEY.—The attorney for the plaintiffs herein being the acting registrar of property of Caguas and therefore not allowed to leave the town without the permission of the district judge, the notice which the defendants mailed to him, addressed to Caguas, stating the date on which the deposition would be taken in Humacao, was well addressed and the court did not err in admitting the deposition in evidence.

The facts are stated in the opinion.

Messrs. J. R. F. Savage and F. Vázquez for the appellants.

Mr. A. Aponte, Jr., for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is an appeal by the plaintiffs from a judgment dismissing the complaint in an action of ejectment for the recovery of a property called Fortuna situated in Naguabo, and the mesne profits.

According to a public deed of January 22, 1885, Alejandro Viader Soler sold several properties to Petrona Geigel, among them one called Fortuna situated in Naguabo, for the sum of 65,900 *pesos* which the grantor acknowledged that he had received from the grantee before the execution of the deed. On the same day Petrona Geigel gave a full and general power of attorney to Alejandro Viader to represent her and manage the said properties. In the year 1889 the Fortuna property was offered for sale at public auction by the municipality of Naguabo for accrued taxes and sold to Juan Garzot, who has owned it since that time.

Petrona Geigel died on February 20, 1902, leaving as heir her only daughter, Clemencia Dávila, who also died on July 26, 1916.

Twenty-seven years after the said sale of the Fortuna property to Garzot and one year after the death of Clemencia Dávila, her heirs, the appellants, brought suit against Garzot and joined as defendants their sister and co-heir, Aurora Aponte, testamentary heir of her mother in the two-thirds of free disposition and as special legatee, as well as in her one-sixth of the legitime, and Francisco Simonet, the widower of Clemencia Dávila, alleging that the proceeding for the collection of the taxes followed by the municipality of Naguabo resulting in the sale of the Fortuna property at auction to Garzot was null and void and that he should restore the said property to the heirs of Clemencia Dávila, together with the mesne profits since he entered into possession.

All of the defendants opposed the claims of the plaintiffs and the defendant heirs, Aurora Aponte and Francisco Simonet, alleged that the descendants of Petrona Geigel had no title to the said property because their grandmother never was the owner of it for the reason that the sale to her by Alejandro Viader Soler was simulated and without consideration and Viader never relinquished possession, these facts having been admitted by the plaintiffs, who are estopped from denying the simulated character of the said conveyance because by their acts and conduct they have led everybody to believe in such simulation, and that Petrona Geigel never had possession of that property. The said defendants also alleged that plaintiffs Joaquín and José Aponte had no interest in the estate of their mother, Clemencia Dávila, and had no cause of action because they had assigned all of their rights and interest in the said estate to Francisco Simonet, and that Petrona Geigel and Clemencia Dávila and her children had always recognized Garzot as the owner of the property and are now estopped from denying that he is the owner.

The other defendant, Juan Garzot, alleged as new matter

of defense that when he purchased the Fortuna property Petrona Geigel ratified the sale; that the action of the plaintiffs is barred according to the provisions of sections 1268 and 1858 of the Civil Code of Porto Rico (articles 1301 and 1957 of the Spanish Civil Code); that for more than twenty-seven years he has held quiet, peaceable, uninterrupted and public possession of the property as owner in good faith and with colorable title, all of which facts were known to and admitted by Petrona Geigel and her daughter, Clemencia Dávila, who have always recognized him as the sole and absolute owner.

In order to prove their allegations Aurora Aponte and Francisco Simonet exhibited a private document signed by Petrona Geigel on January 23, 1885, wherein she stated that, in order to save harmless Alejandro Viader Soler for all time, on the previous day the said Viader sold to her by a public deed several properties and rights amounting to 65,900 *pesos* which he acknowledged having received before the execution of the deed; that inasmuch as the purchase was made to accomodate Viader and without any fixed or real consideration, the said deed of purchase and sale being wholly simulated, she immediately executed in his favor before the same notary a general power of attorney, authorizing him at his will to dispose freely of his properties as their real and actual owner, but that if such formality should not be sufficient in law for the protection of Viader, she granted, renounced and conveyed to him all the rights and interests that she might have in the said properties, swearing and promising that she would never sue him and would always recognize him as sole and absolute owner of the said properties and binding herself to execute a public deed of conveyance in his favor whenever he should demand it and agreeing to abide by all that was set forth in the private document.

The evidence showed also that Petrona Geigel was a poor

woman who had lived for many years in the house of Ale-jandro Viader Soler as the caretaker of his children.

The said defendants also introduced in evidence a deposition made by Aurora Aponte at the beginning of the action, wherein she stated under oath that the signature to the foregoing private document was that of her grandmother, Petrona Geigel; that she had no property in 1885; that this document was known to her mother, to the witness and to her brothers, for which reason she disapproved of the suit and advised the plaintiffs not to go into court with the action. No evidence was offered on the last point of the new matter of defense to the effect that the plaintiffs and their ancestors had recognized Garzot as the owner of the property.

In view of the facts stated, the first question that comes up is whether the plaintiffs can maintain this action of ejectment.

One of the necessary requisites for maintaining an action of ejectment is that the plaintiff is the owner of the property sued for and although in this case a purchase title to the property in controversy was executed in favor of the grandmother of the plaintiffs, she not only admitted in another document executed on the following day that the purchase was simulated and without a consideration, but also stated that if this should not be sufficient in law she reconveyed the said property to her grantor, whom she considered as the sole owner thereof; therefore it is clear that as the said sale was null and void for lack of consideration and the property in question was conveyed by Petrona Geigel to Alejandro Viader, she not being the owner of the property for those reasons, her descendants have not acquired by inheritance any title of ownership to the Fortuna property and can not therefore maintain an action of ejectment, nor, consequently, attack the title of defendant Garzot to the property. Petrona Geigel being by virtue of that docu-

ment estopped from denying the simulation of the contract and from setting up the ownership of the property, the heirs of her daughter and heir are also estopped in the same manner as was their ancestor and have no cause of action to recover ownership rights.

When defendants Aurora Aponte and Francisco Simonet set up the said defense the plaintiffs moved to strike it out and the overruling of that motion by the lower court is now assigned as one of the errors on which this appeal is based; but that that plea was pertinent and that the court did not so err are shown by the importance that the question had in this action in connection with the capacity of the plaintiffs to bring ejectment as owners.

The plaintiffs also objected to the admission in evidence at the trial of the private document signed by their grandmother on January 23, 1885, to which we have referred, and of the deposition made by Aurora Aponte.

We have already said that the private document contained a good defense in favor of Aurora Aponte and Francisco Simonet and against the plaintiffs, for which reason it was admissible although a private document, in accordance with subdivisions 2 and 4 of section 35 of the Law of Evidence, which provide that evidence may be given at the trial of the act, declaration, or admission of a party as evidence against such party, and of the act or declaration of a deceased person done or made against his interest in respect to his property.

With regard to the deposition of Aurora Aponte, it appears that on March 8, 1917, the attorney for the defendants mailed in Humacao a notice addressed to Fernando Vázquez, the attorney for the plaintiffs, at Caguas, informing him that on the 13th of the same month, between 8 and 9 o'clock a. m., the said deposition would be taken in Huma-

cao at the residence of Aurora Aponte. The attorney for the plaintiffs did not appear at the taking of that deposition and on July 24, following, he informed the court that up to that day he had received no notice of that act and moved that the deposition be struck out or that he be permitted to cross-examine the witness. With that motion he exhibited his written affidavit stating that on the said date he was acting as registrar of Caguas; that from the 6th to the 13th of March he was in San Juan taking an examination; that he received no mail containing the said notice, and that he had an office in Humacao where he sometimes went with the permission of the judge. Two employees of the registry of Caguas also stated under oath on July 24 that from the 8th to the 13th of March they did not find in the post-office box any mail from the attorney of the defendants addressed to attorney Vázquez.

The defendants presented several counter affidavits to the effect that the said notice was mailed on the 8th of March addressed to the attorney for the plaintiffs and that he had had his office in Caguas for some time.

The lower court overruled the motion of the plaintiffs, who objected to the admission of the deposition for those reasons and, also, because it was impertinent, which last point we have already considered.

We do not find that the trial court erred in admitting the said deposition in evidence, for attorney Vázquez being in charge of the Registry of Property of Caguas when the notice was mailed to him, that was his correct address, inasmuch as he could not leave Caguas and go to Humacao without the permission of the judge.

For all of the foregoing we are of the opinion that the judgment dismissing the complaint should be

*Affirmed.*

Chief Justice Hernández and Justice del, Toro concurred.

Justices Wolf and Hutchison took no part in the decision of this case.